

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Gregory R. Nyhus
Assistant U.S. Attorney
greg.r.nyhus@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

February 9, 2022

Fidel Casino DuCloux
Assistant Federal Defender

    Re: *United States v. Ellie Starling*
       Case No. 3:21-cr-00419-MO
       Plea Agreement Letter

Dear Mr. DuCloux:

1.     **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**: Defendant agrees to enter a plea of guilty to Count 1 of the indictment charging a violation of Title 18 U.S.C. § 1361(a) and alleging that on or about July 17, 2021, in the District of Oregon, defendant willfully damaged and destroyed property owned by the United States, that is, an upper window located on the east side stairwell of the Immigration and Customs Enforcement facility in Portland, Oregon, which value exceeds $1000.

3.     **Penalties**: A violation of Title 18 U.S.C. § 1361 is punishable by a maximum of ten years in prison, a fine of up to $250,000, a three-year term of supervised release and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.     **No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement. At the time of sentencing the government will dismiss the remaining charges.

5.     **Guideline Application**: The parties agree that the Court must first determine the applicable advisory guideline range applicable to the violations above, then determine a reasonable sentence considering that range and the factors listed in Title 18, United States Code, Section 3553(a). The government agrees to recommend the Court adopt the following advisory guideline calculations:

    A.     Pursuant to U.S.S.G. § 2B1.1(a)(2), the base offense level is 6;

Fidel DuCloux
Re: Ellie Starling
Page 2

_____

    B.    There are no additional specific offense characteristics;

    C.    There is no agreement concerning defendant's criminal history calculation. The parties anticipate that defendant's criminal history category "I" but recognize that this is an estimate only.

    E.    Following reductions for acceptance of responsibility government will argue that the total offense level is 6, yielding an advisory guideline range of 0-6 months. The government will recommend the low end of the guideline range so long as defendant continues to accept responsibility.

**6.    Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

**7.    Additional Departures, Adjustments, or Variances**: The government agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

**8.    Recommendation:** The government agrees to recommend the low-end of the applicable guideline range or time served, three years of supervised release, and payment of restitution.

**9.    Elements and Admissions:**   Defendant agrees that the government could prove beyond a reasonable doubt the following elements, and admits to the factual basis, below:

    *Elements*:

In order for defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

    The defendant injured or committed a depredation against property (or attempted to do so);

    The property involved was property of the United States or of any department or agency thereof, or property that had been or was being manufactured or constructed for the United States, or for any department or agency thereof;

    The defendant acted willfully; and

Fidel DuCloux
Re: Ellie Starling
Page 2

---

The damage to the property exceeded $1,000.

*Factual Basis*

During the afternoon hours of July 17, 2021, in the District of Oregon, defendant was a member of group of individuals who had gathered in front of the ICE facility on Macadam Avenue, in Portland. Defendant was seen walking alone on the east side of the facility along a fence line. Moments later, agents outside the building heard then saw two windows break on the east side of the facility, and defendant was then seen walking back to the front of the facility. The value of the windows exceeded $1,000.

**10.** **Restitution**: Defendant agrees to pay restitution in the amount of $5,900 to Immigration and Customs Enforcement and agrees to the entry of a civil judgment against her in the same amount.

**11.** **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

**12.** **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

**13.** **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

**14.** **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO

Fidel DuCloux
Re: Ellie Starling
Page 2

---

is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

**15.    Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

**16.    Expiration of Terms:** This term of this agreement will expire 30 days from issuance unless a change of plea has been scheduled or the government otherwise agrees.

Sincerely,

SCOTT ERIK ASPHAUG
United States Attorney


GREGORY R. NYHUS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

4/26/22
Date

ELLIE STARLING
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

4/26/22
Date

FIDEL CASINO DUCLOUX
Attorney for Defendant